19 F.3d 11
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Teresa A. HARTLINE, Individually, and as personal
representative of the estate of the late James Y. Hartline;
Jeffrey Franklin Hartline, infant by his mother and next
friend Teresa A. Hartline; Daniel McLean Hartline, infant
by his mother and next friend Teresa A. Hartline; Andrew
Chaplin Hartline, infant by his mother and next friend
Teresa A. Hartline; Christopher James Hartline, infant by
his mother and next friend Teresa A. Hartline, Plaintiffs-Appellants,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 92-2556.
 United States Court of Appeals, Fourth Circuit.
 Submitted June 9, 1993.
Decided Feb. 24, 1994.
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. Joseph H. Young, Senior District Judge.
 Jonathan Schochor, Philip C. Federico, David K. Heasley, Schochor, Federico & Staton, Baltimore, Md., for appellants.
 Richard D. Bennett, United States Attorney, James G. Warwick, Assistant United States Attorney, Baltimore, Md., for appellee.
 D.Md.
 AFFIRMED.
 Before WILKINSON, HAMILTON, and WILLIAMS, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Teresa A. Hartline, representing herself and her minor children and suing also as the personal representative of her late husband's estate, filed this survivor's and wrongful death action against the federal government under the Federal Tort Claims Act. Hartline claimed that Army physicians negligently treated her husband's cerebral tumor. Her husband was a captain in the United States Army. The district court granted the Government's motion for summary judgment and we affirm.
 
 
 2
 Our review of the parties' briefs, the record submitted on appeal, and the district court's opinion discloses that this appeal is without merit. Injuries sustained by military personnel as a result of medical treatment at military facilities by military doctors are injuries occurring "incident to service"; recovery for such injuries is barred under the doctrine of Feres v. United States, 340 U.S. 135 (1950). Appelhans v. United States, 877 F.2d 309, 311 (4th Cir.1989). Tort recovery is also barred to a serviceman on the Army's Temporary Disability Retirement List ("TDRL"). Kendrick v. United States, 877 F.2d 1201, 1205-06 (4th Cir.1989), cert. dismissed, 493 U.S. 1065 (1990). Moreover, the Feres doctrine bars suits by a service member's family for claims that are derivative to the service member's action for injuries sustained "incident to service." Id. at 1207.
 
 
 3
 Therefore, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.